**IDEAL TOY CORPORATION, Plaintiff-Appellee,**

v.

**J-CEY DOLL CO., Inc., Defendant-Appellant.**

No. 354, Docket 26799.

United States Court of Appeals Second Circuit.

Argued April 19, 1961.

Decided May 15, 1961.

---

Amster & Levy, New York City (Morton Amster, Jesse Rothstein, New York City, of counsel), for plaintiff-appellee.

James & Franklin, New York City (Harold James, New York City, of counsel), for defendant-appellant.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Plaintiff sought redress against defendant for an alleged infringement of plaintiff's copyrighted "Saucy Walker" doll, a doll having a distinctive head; and, pending full determination of its case, plaintiff obtained a preliminary injunction restraining defendant from any infringement of that copyright. From the grant of this preliminary injunction defendant appeals.

Plaintiff's copyright notice, an embossed notation "© Ideal Toy Corp.," appears in two places on plaintiff's dolls: Between the shoulder blades, and at the nape of the neck adjacent to the hairline.

 The defendant argues that inasmuch as the doll's body had been published previously without a copyright notice plaintiff's embossed notation of copyright appearing on the shoulder blades of the doll is an attempt to extend copyright protection to the doll's torso as distinguished from the entire doll, and demonstrates an intent by plaintiff to commit so obvious a fraud on the public that plaintiff is precluded from obtaining any injunction against defendant that would prevent copying. Hence defendant maintains that plaintiff, seeking equity, is guilty of having unclean hands and should be denied access to a court of equity.

We find no merit in the argument that an extra copyright notation on the shoulder blades of this doll ought to deprive plaintiff of access to a court of equity.

Plaintiff seeks an allowance of counsel fees as part of the costs recoverable by it on this appeal. Though we are of the opinion that the appeal lacks merit we cannot say that defendant's ground is so frivolous as to justify an award of counsel fees.

The injunction order below is affirmed and the cause remanded for further proceedings in the district court.